JOHN DEVANEY, Appellee, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, Appellant.

**NEGLIGENCE:** Failure to Meet Burden. A finding of want of 1 contributory negligence is not sufficiently supported by evidence that an injured party, when 24 feet from the farther side of a car track, plainly saw a car, 300 feet distant, and rapidly approaching on a down grade, with no intervening objects, and thereafter gave the car so little heed that he did not see it again until it was within 40 feet of him.

**NEGLIGENCE:** Pleading in Avoidance of Contributory Negligence. 2 Whether an allegation that defendant was negligent "in that its employe, running said car, saw plaintiff long before reaching the place where plaintiff was struck, and negligently failed to. stop said car," pleads (a) an original negligence on defendant's part, or (b) an avoidance of the pleader's contributory negligence, *quaere.*

*Appeal from Pottawattamie District Court.*—Thomas
Arthur, Judge.

NOVEMBER 22, 1918.

The plaintiff has verdict and judgment for an injury
to his person and his property which he alleges was due to
the negligence of the defendant.  Defendant appeals.—*Reversed and remanded.*

*Tinley, Mitchell, Pryor & Ross,* for appellant.

*Kimball & Peterson,* for appellee.

SALINGER, J.—I.  If there may be said to be a conflict
on whether plaintiff was warned, by gong or otherwise, of
the approach of defendant's car, it is not material on the
question whether plaintiff was guilty of con-
tributory negligence, because it is admit-
ted that plaintiff saw the car coming when
it was still 300 feet away, on the north track, and while
he was next to the south track, and had not begun to go,
across,—at all events, when his horse was not yet upon the
track.  There is a conflict on the speed at which the car was
coming, but it, too, is not material on the question of con-
tributory negligence.  It is the claim of plaintiff that the
car was run at negligent speed, and he cannot ask more
than that we shall adopt his theory and testimony.  On his
own claim, he saw the car 300 feet away, and judged it was
running at 15 miles an hour.  He knew it was running
slightly down grade.  It did not appear to him to "slow
up any."  He admits that nothing prevented seeing the car,
and that he did see it.  At the time when he saw it, 300
feet away, he was 10 feet south of the south track.  To get
across, ahead of the coming car, required him to clear this
10 feet and two tracks, which he judges occupied a little
more than 14 feet.  To say nothing of the fact that the car
was coming down grade, it would, at 15 miles an hour, reach

1. NEGLIGENCE:
   failure to
   meet burden.

the point where plaintiff was crossing in about 17½ seconds. The plaintiff calculated chances so closely that the car struck the hind wheel of plaintiff's wagon while that wheel was "right in the center" of the north track. This wheel was in that position when the car got within 30 feet. Plaintiff made his venture that he would clear the 10 feet to the tracks and both tracks before a car coming down grade, and already running a mile in four minutes, would run the 300 feet. He did this with a "pony," which alleged "whipping up" was unable to stir to speed, even in an emergency; for plaintiff, when he saw the car only 30 feet away from the hind wheel of the wagon, and when but 4 or 5 feet of going was needed to get the wheel clear, was not able to get speed enough for that, although he "tried to move the horse along so as to get across as quick as I could," and moved him along "as fast as I could." And this pony was drawing a wagon with two men in it,—a wagon which plaintiff says was "fairly heavy," and was loaded with some 600 or 700 pounds of fish. We need not say that undertaking to clear the 10 feet and the two tracks in these circumstances in 17 seconds was negligent, as a matter of law. It is not necessary to go even so far as to hold, because of such undertaking, a verdict finding there was no contributory negligence should be set aside, for want of support. But even if entering upon the venture at all may be passed (see *Lundien v. Fort Dodge, D. M. & So. R. Co.*, 166 Iowa 85), surely, commensurate care was required at every moment while the enterprise was being pursued. The plaintiff could withdraw at any time before he reached the north track, the one on which the car was approaching. It was his plain duty to watch the on-coming car, to the end of withdrawing if its coming on after he first saw it made it plain that his judgment that he could clear before the car traveled the 300 feet might be at fault. Now what care did plaintiff exercise after he started? On this

question we also eliminate all conflict, and adopt the version of plaintiff. When he saw the car, 300 feet away, he tried to move the horse along, to get across as quickly as they could; he moved the pony along as fast as he could; and he hit or slapped the horse, just as the fender struck the hind wheel. Be all that so, it affords no excuse for not keeping track of the car, and not stopping because of what such observation would have disclosed. What more was done by plaintiff in the interest of his safety is this: He starts with a general statement that he was keeping close track of the car; next, that, when the car was 300 feet away, he could not see how fast it was coming. The general statement that close track was kept of the car is entitled to little weight, because, as will presently be seen, it is admitted and shown, without dispute, that no track was kept of the car. It is difficult to believe that plaintiff could not see the speed at which the car was coming when it was 300 feet away, for the view was clear, and he looked right at the car. Be that as it may, the fact that he did not know, when he first saw the car, how fast it was coming, does not obviate that, since it was going 15 miles an hour when it was 50 to 60 feet away, looking at it when it was 100 feet away would have enabled the plaintiff to keep off of the north track. The motorman testified that plaintiff seemed to be asleep, and the horse seemed to be going at will; that, when witness hollered, the man on the left (Hansen) made some motion at the horse, but the driver made none; and that the horse increased speed very little. A passenger says the two men were sitting with their heads down, and seemed to hear nothing. Hansen testifies for plaintiff that they were not talking, but were just sitting in the wagon, "paying no attention to nothing." He was asked where the car was when they got on the north track, and answered, "I don't know where it was,—I wasn't looking at the car, I didn't look at it again." Next, he was asked whether he paid any

attention to the car from the time he saw it first, 300 feet away, and answered, "No, not only just before it struck the wagon." Plaintiff testifies that, from the time when he first saw the car, he attended to where he was going (driving). What he means by this is made plain by the following question and answer:

"Q. Did you see the car at all between the time when it was 300 feet away until you saw it when it was 30 feet away? A. I don't—I didn't pay much attention to it. I was looking across the street—looking where I was going."

He adds that he did not see the car again until it was within 30 or 40 feet, and he in such situation that, on running this 30 or 40 feet, the car found the hind wheels in the middle of the north track.

We concede, of course, that contributory negligence is for the jury, when reasonable minds are justified in differing on whether such negligence has been disproved. But that does not meet this case. Without passing on the question whether plaintiff failed, as matter of law, in establishing his freedom from contributory negligence, we are of opinion that the allegation of the motion for new trial that the verdict is against the evidence, in so far as it finds that plaintiff has discharged the burden of proving freedom from contributory negligence, is well grounded. More than appellant claims is held in *Sanderson v. Chicago, M. & St. P. R. Co.*, 167 Iowa 90, and *McCormick v. Ottumwa R. & L. Co.*, 146 Iowa 119. In principle, *Duggan v. Chicago, M. & St. P. R. Co.*, 179 Iowa 1072, and *Sandell v. Des Moines City R. Co.*, 184 Iowa 525, sustain appellant on this point.

But, of course, that this is so will avail appellant nothing, if the last clear chance rule is involved. It is somewhat questionable whether that, rather than an additional original negligence, is charged. The allegation is that defendant was guilty of negligence "in that its employe, running said car, saw plaintiff long before reaching

2. NEGLIGENCE:
   pleading in
   avoidance of
   contributory
   negligence.

the place at which the car struck the plaintiff, and said employe carelessly and negligently failed to stop said car or to slow up in any manner so as to allow plaintiff to cross the track in safety." Assuming, but not deciding, that this is a plea that will avoid contributory negligence, rather than one charging an original negligence, we go to the proof. We find nothing to show that the employes of defendant wilfully injured plaintiff or his property after they observed him, or that they had power to avoid such injury after they saw plaintiff, or knew that he would persist, and attempt to cross both tracks. The evidence is quite conclusive that his peril was not appreciated, if, indeed, he was seen, until the car was within 30 or 40 feet of him; that the employes then instantly used every means available to reverse the car; and that it could not be done in time. The point is ruled against appellee by *McCormick v. Ottumwa R. & L. Co.*, 146 Iowa 119.

In view of the conclusions reached, we deem it unnecessary to pass upon assignments that testimony was erroneously taken, and that the charge is erroneous.

For not sustaining the motion for new trial, on the ground that the finding by verdict that plaintiff had proved freedom from contributory negligence is without support, the cause must be—*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur.